STATE OF NORTH CAROLINA v. TERRY DORSEY

No. 7827SC790

(Filed 16 January 1979)

**Assault and Battery § 15.5— self-defense—instruction required**

    In a prosecution for assault with a deadly weapon with intent to kill, the trial court erred in failing to instruct on self-defense where the evidence tended to show that the victim was brandishing a gun and threatening to kill defendant before defendant was himself handed a pistol by his wife, and the victim shot first.

APPEAL by defendant from *Howell, Judge.* Judgment entered 5 April 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 6 December 1978.

Defendant was indicted for assaulting his neighbor Jerry Sheppard with a .38 caliber pistol with intent to kill inflicting serious injuries. Upon his plea of not guilty, defendant was tried before a jury and found guilty of assault with a deadly weapon inflicting serious injury. From judgment imposing a sentence of imprisonment for not less than two years nor more than five years, defendant appeals.

*Attorney General Edmisten by Associate Attorney J. Chris Prather for the State.*

*Assistant Public Defender Jesse B. Caldwell III, for the defendant.*

PARKER, Judge.

Defendant contends *inter alia* that the trial court's failure to instruct the jury on self defense was reversible error. We agree.

It is undisputed that Sheppard was armed with a pistol. The defendant's evidence showed that Sheppard was brandishing this gun and threatening to kill defendant before defendant was himself handed a pistol by his wife. Defendant testified that Shep-

pard shot first as Doris Ann Dorsey was handing defendant the pistol. Doris Ann Dorsey also testified that Sheppard fired while she was handing defendant the pistol. Defendant's eight year old daughter Vickie Ann Dorsey testified that Sheppard fired first. This evidence raised an issue of self defense in this case, and the trial court was required to instruct the jury accordingly.

New trial.

Judges HEDRICK and ERWIN concur.